# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ROBERT W. AVERY                                                        PLAINTIFF
ADC # 652373

v.                           5:13CV00378-JM-JJV

MARK CASHION, Warden,                                      DEFENDANTS
Delta Regional Unit, ADC; et al.

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.     INTRODUCTION**

Robert Avery ("Plaintiff"), an inmate of the Arkansas Department of Corrections ("ADC") proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983. After careful review of the documents submitted, the Court concludes that Defendant Ronald Ganna should be dismissed from the case.

**II.    SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough

2

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

**III.  ANALYSIS**

Plaintiff alleges that Defendants retaliated against him for filing prison grievances, in violation of his First Amendment rights (Doc. No. 2 at 8). He also alleges that Defendants engaged in "racially motivated conduct and retaliation" against him (*Id*. at 18). In his Statement of the Claim, Plaintiff describes how Defendants Cashion, Phillips, Davis, and Manning allegedly violated his rights. Plaintiff does not, however, make any reference whatsoever to Defendant Ganna, despite listing him as a Defendant in the style of the Complaint. In the absence of any claims or allegations against him, the Court finds it appropriate to dismiss Defendant Ganna from the present suit.

**IV.  CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Ronald Ganna should be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

DATED this 30th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE