# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROBERT W. AVERY
ADC #652373                                                              PLAINTIFF

v.                          Case No. 5:13-cv-00378 KGB/PSH

MARK CASHION, *et al*                                                    DEFENDANT

## ORDER

Before the Court are the Proposed Findings and Recommendation ("Recommendation") filed by United States Magistrate Judge Patricia S. Harris (Dkt. Nos. 96). Plaintiff Robert W. Avery timely filed his objection to report and recommendation (Dkt. No. 97). Pending before the Court are Mr. Avery's motion for temporary restraining order and injunctive relief (Dkt. No. 70), defendants' motion for summary judgment (Dkt. No. 59), and defendant Cashion's motion for summary judgment on exhaustion (Dkt. No. 86). After careful review of the Recommendation and Mr. Avery's objections, as well as a *de novo* review of the record, the Court adopts the Recommendation in part by granting defendant Cashion's motion for summary judgment and dismissing him without prejudice as a defendant in this matter, granting defendants' motion for summary judgment in part as to Lt. Phillips, dismissing Lt. Phillips with prejudice as a defendant in this matter, and denying defendants' motion for summary judgment with respect to Mr. Avery's retaliation claims against Sgt. Manning. The Court rejects the Recommendation that Mr. Avery's motion for temporary restraining order and injunctive relief be denied as moot; however, the Court denies this motion on the merits.

The Court writes to address Mr. Avery's objections. First, Mr. Avery states that his failure to exhaust the grievance procedure concerning Mr. Cashion should be excused because it was due to previous acts of retaliation that caused a "chilling effect" on his First Amendment right to file

grievances (Dkt. No. 97). In order to state a claim for retaliation under 42 U.S.C. § 1983, a plaintiff must prove that he engaged in protected activity and that the resultant retaliation he suffered would chill a person of ordinary firmness from continued engagement in that activity. *Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir. 2006). Moreover, the plaintiff must show that the actions at issue were performed for a retaliatory purpose and not some other legitimate penalogical reason. *Jones v. Harcey*, No. 11-616 (MJD/AJB), 2012 U.S. Dist. LEXIS 97506, at *33 (D. Minn. Feb. 9, 2012). "[A] defendant may successfully defend a retaliatory disciplinary claim by showing 'some evidence' the inmate actually committed a rule violation." *Hartsfield v. Nichols,* 11 F.3d 826, 8296 (8th Cir. 2008).

Here, Mr. Avery was disciplined for the possession of coffee obtained from another inmate through trafficking and trading, which is against Arkansas Department of Correction ("ADC") policy (Dkt. No. 2, p. 35-37). Accordingly, he cannot show that the purpose behind the unit transfer was not for some other legitimate penalogical reason. Moreover, Mr. Avery has pled no facts showing that the alleged retaliation would chill a person of ordinary firmness. In fact, Mr. Avery himself was not chilled as he filed eight grievances between September 2, 2009, and November 12, 2009. Moreover, two of those grievances were filed after Mr. Avery's first allegation of retaliation. Accordingly, Mr. Avery's objection fails, and the claims against Mr. Cashion shall be dismissed without prejudice.

Mr. Avery next asserts that the claims against Lt. Phillips should not be dismissed. Mr. Avery states that Lt. Phillips, Sgt. Manning, and J.M. Davis engaged in a civil conspiracy against him. 42 U.S.C. § 1983 may support a charge of civil conspiracy if the jury could infer from the circumstances a "meeting of the minds" or understanding among the coconspirators to achieve the conspiracy's aims. *Putman v. Gerloff*, 701 F.2d 63, 65 (8th Cir. 1983). Other than a statement

that Lt. Phillips, Sgt. Manning, and J.M. Davis engaged in a civil conspiracy, Mr. Avery has alleged no facts to support communications or acts in furtherance of any conspiracy, nor did Mr. Avery plead a civil conspiracy claim in any grievance. The Court rejects this argument.

Mr. Avery states that Lt. Phillips provided a false statement as evidence for Mr. Avery's act of trafficking and trading. Mr. Avery asserts that he has a due process right not to be subjected to false statements by the ADC staff. This allegation is without merit. Mr. Avery admitted to receiving the Keefe coffee from another inmate in his grievance dated November 12, 2009, and justified his action by stating that "it is common practice for inmates to receive commissary items from each other" (Dkt. No. 81, at 70). In addition, Mr. Avery pled guilty to failure to obey order of staff and purchase of unauthorized articles at his disciplinary hearing (Dkt. No. 59, Ex. 7). The Court rejects his argument regarding his claims against Lt. Phillips.

Mr. Avery also objects to Judge Harris's recommendation that Mr. Avery's motion for temporary restraining order and injunctive relief be denied as moot (Dkt. No. 70). Mr. Avery states that, while he was moved away from the Delta Regional Unit at one point in time, he is currently housed at the Delta Regional Unit and daily comes into contact with ADC staff members who are friends, family, or past co-workers of defendants (Dkt. No. 90).

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). No single factor is dispositive, but the movant must establish a threat of irreparable harm. *Id.* In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially

called for in dealing with the complex and intractable problems of prison administration. … The courts should not get involved unless either a constitutional violation has already occurred or the threat of such violation is both real and immediate." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

While the Court agrees that Mr. Avery's relocation to the Delta Regional Unit makes his request for preliminary injunctive relief ripe for review, rather than moot, the Court denies Mr. Avery's motion on the merits. In his motion for temporary restraining order and injunctive relief, Mr. Avery states that he fears racism and further retaliation from friends and family members of defendants still employed at the Delta Regional Unit because various staff members have asked him if he is the Avery that filed suit (Dkt. No. 70). Mr. Avery further asserts that being housed at the Delta Regional Unit causes him mental anguish and emotional trauma and that the racial imbalance of the staff is "conductive [sic] to racial biasness [sic] [and] prejudice." (Dkt. No. 70, at 2). Here, Mr. Avery has alleged no facts that point to a real and immediate violation of a constitutional right, nor has he established a threat of irreparable harm. Accordingly, the Court finds it unnecessary to weigh the other *Dataphase* factors and denies Mr. Avery's motion for temporary restraining order and injunctive relief. *See Adam-Mellang v. Apartment Search,* 96 F.3d 297, 299 (8th Cir. 1996) (holding that failure to establish irreparable harm is sufficient to deny injunctive relief).

It is therefore ordered that:

1. Defendant Cashion's motion for summary judgment is granted (Dkt. No. 86). Mr. Avery's claims against Mr. Cashion are dismissed without prejudice.

2. Defendants' motion for summary judgment is granted in part and denied in part (Dkr. No. 59).

3. Defendants' motion for summary judgment is granted in part in that Mr. Avery's claims against Lt. Phillips are dismissed with prejudice (Dkt. No. 59).

4. Defendants' motion for summary judgment is denied in part in that Mr. Avery's retaliation claims against Sgt. Manning remain pending (Dkt. No. 59).

5. The Court denies Mr. Avery's motion for a temporary restraining order and injunctive relief (Dkt. No. 70).

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this the 14th day of September, 2017.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge